| | | |
|---|---|---|
| CESAR R. BURGOS AND THE BURGOS LAW CORPORATION, APLC, INDIVIDUALLY AND DERIVATIVELY OF BURGOS & EVANS, LLC | * * * * | NO. 2020-CA-0326 COURT OF APPEAL FOURTH CIRCUIT |
| VERSUS | * | STATE OF LOUISIANA |
| ROBERT B. EVANS, III AND THE EVANS LAW CORPORATION, APLC, AND BURGOS & EVANS, LLC IN ITS NOMINAL CAPACITY | | |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-05337, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**JUDGE JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins)

RICHARD C. STANLEY
LYNN M. LUKER
WILLIAM M. ROSS
JENNIFER L. THORNTON
STANLEY REUTER ROSS THORNTON & ALFORD, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
 COUNSEL FOR PLAINTIFF/APPELLEE

JOSEPH MCMAHON, III
2332 Severn Avenue, Suite 100
Metairie, LA 70001
New Orleans, Louisiana 70130
 COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL DISMISSED**

**DECEMBER 16, 2020**

Cesar R. Burgos and Robert B. Evans, III practiced law together in a law firm known as Burgos & Evans, LLC until May 1, 2015, when Mr. Evans departed from the firm. On June 4, 2015, Mr. Burgos filed a lawsuit against Mr. Evans for breach of contract. The parties entered into a settlement and release agreement on July 8, 2015, which was intended to resolve all disputes between them and was approved by the district court.

As part of the settlement, the parties resolved and devised separate payment mechanisms for: (1) Mr. Burgos's interest in the contingency fee cases that were already known to be following Mr. Evans to his new firm; and (2) Mr. Evans's interest in the contingency fee cases that were assumed would stay with Mr. Burgos. According to Paragraph 10 of the agreement, Mr. Evans agreed to be paid a fixed sum of $700,000.00, broken down into three installments, and which did not depend upon the outcome of the cases. Mr. Burgos was willing to assume the risk that the cases that remained with his firm may produce less than he anticipated. Paragraph 10 also placed a condition on the $700,000.00 payout to

Mr. Evans. It provided that if Mr. Evans acquired any more of the Burgos Law Firm's existing cases after signing the agreement, the amount of any fees due from the cases would be deducted from the $700,000.00 on a dollar-for-dollar basis.

By late 2015, Mr. Burgos learned that additional clients had moved their cases to Mr. Evans's new firm, thus triggering the dollar-for-dollar deduction. Therefore, Mr. Burgos requested leave to deposit the Paragraph 10 installments into the registry of the court. On March 30, 2016, the trial court granted Mr. Burgos leave to deposit the first installment ($265,000.00) into the registry.[1]

On July 6, 2016, the trial court signed another order permitting Mr. Burgos to deposit the second Paragraph 10 installment ($100,000.00) into the registry of the court. Thereafter, the trial court heard competing motions filed by Mr. Evans and Mr. Burgos. Mr. Evans requested that all funds in the registry be released to him along with an order to "enforce or rescind" the agreement. Mr. Burgos requested that the funds be released to him, as the deductions for the Paragraph 10 cases that had resolved as of that point and other credits due to him (totaling $392,605.52) exceeded the amount then on deposit in the registry ($365,000.00). By judgments, dated November 28, 2016 and December 15, 2016, the trial court denied Mr. Evans's motion and granted Mr. Burgos's motion. The trial court relieved Mr. Burgos of depositing the third installment ($235,000.00) into the registry, credited the amount of the third installment against what was owed to Mr. Burgos from the registry at that time, and released the difference of $157,605.52

---

[1] This motion was granted by Judge Tiffany Chase. Before taking any further action in the case, Judge Chase recused and the case was re-allotted to Judge Robin Giarrusso.

2

($392,605.52 minus $235,000.00) to Mr. Burgos. The residual balance of $207,394.48 was ordered to stay in the registry "until further order of the Court," as there were other unresolved cases covered by Paragraph 10 of the agreement. Mr. Evans sought review of the judgments by filing a writ application with this Court, which was denied.[2] [3]

In 2019, Mr. Burgos learned that a case subject to Paragraph 10 (*McDowell*) had settled and generated a $180,000.00 legal fee. Thereupon, he filed a motion requesting a deduction and release of funds from the registry in that amount on June 6, 2019. Prior to that, on March 18, 2019, Mr. Evans filed a motion for summary judgment and/or in the alternative to rescind the settlement agreement. Following a hearing on the competing motions, on January 31, 2020, the trial court ruled in favor of Mr. Burgos and against Mr. Evans. It is from this judgment that Mr. Evans now attempts to appeal.

There are four categories of appealable judgments:

1. A final judgment that determines the merits in whole;

2. A partial final judgment that does not require designation as a final judgment pursuant to La. Code Civ. P. art. 1915(A);

3. A partial judgment that has been properly designated as final pursuant to La. Code Civ. P. art. 1915(B)(1); and

_____

[2] Cesar R. Burgos, et al v. Robert B. Evans, III, et al, 2017-C-0023 (La.App. 4 Cir. 2/15/2017) (*unpub.*).
[3] Following the writ denial, Judge Giarusso recused and the case was re-allotted to Judge Ethel Simms Julien.

3

4. An interlocutory judgment for which the law expressly provides for an appeal pursuant to La. Code Civ. P. art. 2082(C).

*See* Favrot v. Favrot, 2010-0986, pp. 3-4 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1103.

A judgment, like the one in the instant case, that enforces a settlement agreement without disposing of the entire matter is not appealable. *See* 800 Iberville St. Ltd. Partnership v. V Restaurant Group, LLC, 2016-0799, pp. 5-6 (La.App. 4 Cir. 6/17/17), 221 So.3d 205, 209. There are pending matters in this case that require further action by the district court. Chief among them is the disposition of the $27,394.48 that will still be in the registry awaiting resolution of the outstanding Paragraph 10 cases. There is another lawsuit, which has been consolidated with this case. There are also motions pending against Mr. Evans for contempt and sanctions.

The January 31, 2020 judgment does not dispose of this matter in its entirety, dismiss any party, or even include language indicative of finality for purposes of appeal. *See* La. Code Civ. P. art. 1918. Therefore, there is no appellate jurisdiction and Mr. Evans has no right of appeal. Accordingly, this appeal is dismissed.

**APPEAL DISMISSED**